

# The Attorney General of Texas

December 22, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Raymon L. Bynum
Commissioner of Education
Texas Education Agency
201 East Eleventh Street
Austin, Texas   78701

Opinion No. MW-529

Re:   Whether an institution of higher education may issue scholarships under section 54.201 of the Education Code to two students who tie for valedictorian

Dear Mr. Bynum:

You have requested our opinion regarding the application of section 54.201 of the Education Code.   That statute provides:

> The governing board of each institution of higher education may issue scholarships each year to the highest ranking graduate of each accredited high school of this state, exempting the graduates from the payment of tuition during both semesters of the first regular session immediately following their graduation.   This exemption may be granted for any one of the first four regular sessions following the individual's graduation from high school when in the opinion of the institution's president the circumstances of an individual case, including military service, merit the action.

You ask whether an institution of higher education may issue a scholarship "to more than one person in the event that the school district in which such high school is located certifies a tie [for the title of 'highest ranking graduate']."

In our opinion, the use of the term "highest ranking graduate" in section 54.201 is not necessarily restricted to a single individual. "Highest" is used here, we believe, in the sense of "none higher." For example, a court observed in <u>Ilges v. St. Louis Transit Company</u>, 77 S.W. 93 (Mo. App. 1903),

> there can be no degree of care higher than the highest.

If the two graduates are tied for the highest position, it is clear that both are the "highest" in the sense that no other graduates can occupy a higher position.

In addition, we believe that "graduate" may refer to more than one individual in an appropriate instance. Article 10, V.T.C.S., which contains the general rules of construction, provides, in pertinent part:

> The singular and plural number shall each include the other, unless otherwise expressly provided.

We conclude that an institution of higher education is authorized to issue scholarships to more than one person in any case in which the relevant school district certifies a tie for the title of "highest ranking graduate."

## S U M M A R Y

An institution of higher education is authorized to issue scholarships to more than one person in any case in which the relevant school district certifies a tie for the title of "highest ranking graduate," pursuant to section 54.201 of the Texas Education Code.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Jim Moellinger
Susan Wheeler
Bruce Youngblood